

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 28, 2015.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 14-50406-CAG |
| CURTIS HAROLD DEBERRY, | § | |
| | § | CHAPTER 7 |
| DEBTOR. | § | |
| JOHN PATRICK LOWE, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| PLAINTIFF. | § | |
| | § | |
| v. | § | |
| | § | |
| KATHY DEBERRY; | § | ADVERSARY NO. 15-05054 |
| CURTIS HAROLD DEBERRY; | § | |
| GOLDSTEIN, GOLDSTEIN | § | |
| & HILLEY; | § | |
| GERALD H. GOLDSTEIN; | § | |
| CYNTHIA E. ORR; | § | |
| AND JOHN OR JANE DOES 1-50, | § | |
| DEFENDANTS. | § | |

**ORDER GRANTING DEFENDANTS' JOINT MOTIONS TO DISMISS COMPLAINT
(ECF NOS. 5 AND 6)**

On July 9, 2015, Chapter 7 Trustee John Lowe ("Trustee") filed the above-captioned adversary case. (Adv. ECF No. 1)[1]. Defendants Kathy DeBerry; Curtis DeBerry; and Goldstein, Goldstein & Hilley; and Cynthia E. Orr ("Defendants") filed Joint Motions and Briefs to Dismiss Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6). (Adv. ECF Nos. 5 & 6). On September 11, 2015, Trustee filed Responses to the Joint Motions (Adv. ECF Nos. 9 & 10). On September 18, 2015, Defendants Goldstein, Goldstein, & Hilley and Cynthia E. Orr filed a Brief/Memorandum of Law in Support of their Joint Motions to Dismiss. (Adv. ECF No. 11). On October 6, 2015, the Court held a hearing on this matter and took the matter under advisement.

The issue before this Court is whether the proceeds from the post-petition sale of a chapter 7 debtor's properly exempted Texas homestead lose its exempt character if not reinvested in another Texas homestead within six months following the date of sale. For the reasons stated herein, the Court finds that such proceeds do not lose its exempt character in a chapter 7 case. Therefore, Defendants' Joint Motions and Briefs to Dismiss Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Adv. ECF Nos. 5 and 6) should be GRANTED.

As a preliminary matter, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B)(concerning the allowance or disallowance of exemptions from property of the estate).

## BACKGROUND

The facts of this matter are not contested. The parties agree that Debtor filed for chapter 7 bankruptcy relief on February 10, 2014. On the Petition Date, Debtor scheduled a home listed at

---

[1] All references to the Docket in Adversary Case No. 15-05054 are referred to herein as "Adv. ECF No." and all references to the Docket in Bankruptcy Case No. 14-50406 are referred to herein as "Bankr. ECF No."

2

8 Tudor Glen, San Antonio, Texas 78257 (the "Property"), which was owned free and clear of any debt. On Schedule C, Debtor claimed an exemption in the Property under the Texas Constitution Article 16 §§ 50 and 51, as well as Texas Property Code §§ 41.001 & 41.002, for the full value of the Property, $430,690.00. On September 12, 2014, Debtor filed the Motion of Curtis Harold DeBerry for Authorization to Sell Real Property Free and Clear of Liens, Claims and Encumbrances (Bankr. ECF No. 66), which sought approval for the sale of the Property by Debtor for $390,000.00. On September 23, 2014, the Court entered an Order Granting Debtor's Motion to Sell (Bankr. ECF No. 83). The Order Granting Debtor's Motion to Sell recited that nothing in the Order prohibits the Trustee from seeking to recover the proceeds from the sale of the Property, to the extent that the proceeds from the sale are no longer exempt under Tex. Prop. Code Ann. § 41.001.

After the sale was completed, both Parties agree that the proceeds from the sale of the Property (the "Proceeds") were not reinvested in a Texas homestead within the six month time period contemplated by Tex. Prop. Code Ann. § 41.001(c) (noting that "[t]he homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months after the date of sale").

## MOTION TO DISMISS STANDARD

Bankruptcy Rule 7012 applies Federal Rule of Civil Procedure 12(b) to adversary proceedings. Fed. R. Bankr. P. 7012(b). To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint "need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" **Hershey v. Energy Transfer Partners, LP**, 610 F.3d 239, 245 (5th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2)). A court should not accept, however, "threadbare recitals of a cause of action's elements, supported by mere conclusory

3

statements." *Hershey*, 610 F.3d at 245–46 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1949, 1949–50 (2009)). Moreover, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted). Rather, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. When it appears certain that a plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief then a claim should be dismissed. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

## ANALYSIS

Section 549(a) permits the trustee to avoid unauthorized transfers of property of the estate that occur after the commencement of the case. 11 U.S.C. § 549(a).[2] Defendants argue that the Proceeds are not property of Debtor's chapter 7 bankruptcy estate, and therefore, no cause exists to avoid the transfer of the Proceeds.[3] Trustee argues that because Debtor failed to re-invest the Proceeds, he converted those proceeds into property of the estate, which the Trustee can recover for the benefit of creditors. Therefore, the Court's decision will turn on whether the Proceeds became part of the bankruptcy estate after Debtor failed to reinvest them in a new Texas homestead.

The commencement of a bankruptcy case creates an estate comprising all legal and equitable interests in property (including potentially exempt property) of the debtor as of that date. *Zibman v. Tow (In re Zibman)*, 268 F.3d 298, 301 (5th Cir. 2001). Section 522(b) allows debtors to exempt property from the estate under either federal or state law exemptions.

---

[2] Unless otherwise noted, all statutory references herein are to 11 U.S.C., *et seq*.
[3] The parties dispute whether the Proceeds were ever transferred out of the bankruptcy estate. Because this Court finds that the Proceeds are not property of the estate, the Court need not consider whether there was a transfer of the Proceeds.

4

The fundamental purpose of the Texas homestead laws is to secure a place of residence against financial disaster. *Matter of England*, 975 F.2d 1168, 1174 (5th Cir. 1992). Texas law's broad exemptions for homesteads extends to proceeds of a sale of a homestead— subject to the requirement that the sale proceeds be reinvested into another Texas homestead within six months after the date of sale. Tex. Prop. Code Ann. § 41.001(c). This requirement is commonly referred to the "Texas Proceeds Rule." The Texas legislature chose to add Texas Proceeds Rule in order to preserve the homestead protections afforded by the Texas Constitution. *England*, 975 F.3d at 1174.

### A. Fifth Circuit Precedent

The Fifth Circuit Court of Appeals has previously considered the application of the Texas Proceeds Rule in bankruptcy. The Fifth Circuit held where a chapter 7 debtor sold his Texas homestead pre-petition and did not reinvest the proceeds, the proceeds lost their exempt character. *Zibman*, 268 F.3d at 305. In *Zibman*, the Fifth Circuit explained that the "snapshot rule" provides that any exemptions claims are determined by the facts and the law as they exist on the date of filing of the bankruptcy petition. *Id*. at 302. As applied to the debtors in *Zibman*, the exemption in homestead proceeds was necessarily contingent upon their reinvestment under the Texas Proceeds Rule. *Id.* at 305. Thus, the homestead proceeds lost their exempt character when not timely reinvested. *Id*.

In *Morgan*, the Fifth Circuit subsequently examined the application of the Texas Proceeds Rule where a chapter 7 debtor only invoked Texas homestead exemptions after the post-petition sale of his homestead. *Studensky v. Morgan (In re Morgan)*, 481 F. App'x 183, 185 (5th Cir. 2012). Because the debtor did not claim an exemption for his Texas homestead at the time of filing, that property passed into the bankruptcy estate. *Id*. at 186. When the debtor

amended his exemptions after he sold his Texas homestead, his exemption was only in the proceeds of the sale. *Id.* Because debtor's exemption was in proceeds, under *Zibman*, the exemption was necessarily contingent upon their reinvestment under the Texas Proceeds Rule. *Id.* at 186–87. In both *Zibman* and *Morgan*, when the Texas homestead exemption was claimed, it was only in the proceeds of a homestead. Thus, under the Texas Proceeds Rule, the exemptions were necessarily contingent upon their reinvestment and lost their character when the proceeds were not timely reinvested.

In 2014, the Fifth Circuit considered the application of the Texas Proceeds Rule to a chapter 13 debtor who sold his properly exempted Texas homestead post-petition and failed to reinvest the proceeds in another Texas Homestead. *Viegelahn v. Frost (In re Frost)*, 744 F.3d 384, 385 (5th Cir. 2014). The Fifth Circuit held that the sale of the homestead changed the essential character of the homestead exemption to "proceeds" and therefore implicated the Texas Proceeds Rule. *Id*. at 387. Because the proceeds were not reinvested within six months, they became property of the estate. *Id*.

### B. Application of Fifth Circuit Precedent

While these cases are instructive, there is no controlling Fifth Circuit precedent on the matter before this Court. *Frost* concerned a chapter 13 debtor. *Id*. Under § 1306(a), post-petition property is included in property of the estate—even if the funds are received from exempt sources. *See In re D'Avila*, 498 B.R. 150, 158 (Bankr. W.D. Tex. 2013) (Davis, J.) (distinguishing bankruptcy court decisions that apply the Texas Proceeds Rule to chapter 13 debtors from chapter 7 debtors). Because *Frost* concerned a chapter 13 debtor, it is not dispositive of the issue before this court. While *Zibman* and *Morgan* are chapter 7 cases, both

6

cases concerned debtors who initially exempted the proceeds of a Texas homestead—not an actual homestead. *D'Avila*, 498 B.R. at 156.

Two Texas bankruptcy courts have considered whether the Texas Proceeds Rule applies in a chapter 7 case where the debtor sold his homestead post-petition. In *In re D'Avila*, the bankruptcy court held that when a Texas homestead itself is held as of the petition date and as of the date exemption is claimed, the Texas Proceeds Rule is not implicated and the proceeds are not subject to later recovery by the bankruptcy estate. 498 B.R. 150, 159 (Bankr. W.D. Tex. 2013). While in *Cage v. Smith (In re Smith)*, the bankruptcy court held that the Texas Proceeds Rule is implicated and *Frost* should apply in chapter 7 cases. 514 B.R. 838, 840 (Bankr. S.D. Tex. 2014).

The Court finds that the reasoning in *D'Avila* is correct and adopts its legal conclusions.[4] As the bankruptcy court in *D'Avila* explained: "as a matter of course, in a chapter 7 bankruptcy . . . once an exemption is granted, the debtor can sell or dispose of exempt property, or even encumber property with post-petition debts, without involving the bankruptcy court or the bankruptcy estate." *D'Avila*, 498 B.R. at 153. Unlike in a chapter 13, property of the chapter 7 bankruptcy estate does not include funds acquired post-petition. *Compare* § 1306(a) ("Property of the estate includes . . . all property . . . that debtor acquires after the commencement of the case") *with* § 541(a)(1) (An estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case.").

Here, like in *D'Avila*, the homestead itself was held as of the petition date and as of the date the exemption was claimed. As such, the Texas Proceeds Rule is not implicated—it is not

---

[4] Trustee argued that the *D'Avila* bankruptcy court did not have the benefit of the Fifth Circuit's opinion in *Frost*. While *D'Avila* was decided before the Fifth Circuit's opinion in *Frost*, the *D'Avila* bankruptcy court considered and cited to the bankruptcy court decision and district court opinion in *Frost* that were later affirmed by the Fifth Circuit. *See D'Avila*, 498 B.R. at 158 (noting that "[i]t is crucial to note that . . . *Frost* involve[s] the application of the Texas Proceeds Rule to [a debtor] under Chapter 13 of the Bankruptcy Code, not Chapter 7.").

"necessarily pictured" in the post-petition snapshot. *Id*. at 159. As the ***D'Avila*** court explained and Defendants argued:

> A contrary holding would lead to the anomalous result that because Texas provides additional protection to proceeds from the homestead sale, homesteads enjoy less protection than other categories of exempt assets. If a Chapter 7 debtor exempts tools of the trade or family heirlooms, they are removed from the property of the estate, they belong to the debtor, and the debtor can later sell them and use the proceeds as he or she will. The same should be true of a homestead properly exempted and then later sold.

*Id.* at 159–60 (citations omitted).

Therefore, this Court finds that where a chapter 7 debtor sells his properly exempted Texas homestead post-petition, the proceeds of that sale are not subject to the Texas Proceeds Rule. Here, the Proceeds were never part of Debtor's chapter 7 bankruptcy estate and thus, the Trustee cannot avoid the purported transfer under § 549. Because the Adversary Complaint does not allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face," the Court must grant Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

IT IS THEREFORE ORDERED that Defendants' Joint Motions and Briefs to Dismiss Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Adv. ECF Nos. 5 and 6) is GRANTED.

# # #

8